UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JEROME A. OWENS, | ) | C/A No. 4:10-1821-JFA-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| FRED B. THOMPSON, ACTING WARDEN, LIEBER CORRECTIONAL INSTITUTION, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

Petitioner, Jerome A. Owens ("Petitioner/Owens"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on July 15, 2010. Respondent filed a motion for summary judgment on October 28, 2010, along with a return and supporting memorandum. The undersigned issued an order filed October 29, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. Petitioner filed a response on November 30, 2010. (Doc. #22).

## I. PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Petitioner is currently confined in the Lieber Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Bamberg County. Petitioner was indicted by the Bamburg County Grand Jury for trafficking in crack cocaine (03-GS-05-185), possession with intent to distribute crack cocaine within proximity of a school (03-GS-05-186), and failure to stop for a blue light (03-GS-05-187). (App. 271). Petitioner was represented by J. Christopher Wilson, Esquire. Following a jury trial, Petitioner was convicted on all three charges and sentenced by the Honorable Reginald I. Lloyd on January 14, 2004, to twelve (12) years' confinement for possession with intent to distribute crack cocaine within proximity of a school and a consecutive term of three (3) years' confinement for failure to stop for a blue light.

Sentencing for trafficking crack cocaine was delayed in order to determine whether it was a first, second, or third offense. (App. p. 214, lines 8 – 9). On February 4, 2004, Petitioner's motion for a new trial was denied. (App. pp. 239 – 246.) On February 19, 2004, a sentencing hearing on the trafficking charge was held in Richland County wherein records from Florida evidencing prior convictions were introduced. Petitioner was sentenced to a concurrent term of twenty-eight (28) years' confinement and a $50,000.00 fine on the trafficking count. (App. pp. 247 – 270.)

A timely Notice of Appeal was filed and an appeal perfected. In the direct appeal, he was represented by Eleanor Duffy Cleary, Assistant Appellate Defender of the South Carolina Office of Appellate Defense. On September 20, 2005, counsel filed a Final <u>Anders</u> Brief of Appellant and Motion to Be Relieved as Counsel asserting as the sole arguable ground:

> Did the trial court err in admitting testimony from A ****** G*******, the passenger in the car with appellant, that appellant wrote from prison and stated that he had a gun in the car, where the evidence was inadmissible "bad act" evidence?

Final Brief of Appellant, p. 3. On November 1, 2005, Petitioner filed an "Initial Pro Se Brief of Appellant" asserting the following issues :

> I.   Did the trial court err in admitting testimony from A ****** G*******, a passenger in the car with appellant , that appellant wrote from prison and stated that he had a gun in the car, where the evidence was inadmissible "bad act" evidence?
>
> II.  Did the trial court err in determining petitioner was not entitled to a directed verdict on the charge of trafficking and possession with intent to distribute within the proximity of a school, where the evidence is insufficient to prove constructive possession and the question of access is crucial nexus because it is an element to prove concerning dominion and control?

Initial Pro Se Brief of Appellant, p. 3. The South Carolina Court of Appeals affirmed Petitioner's conviction and sentence after review pursuant to Anders v. California, 386 U.S. 738(1967) . State v. Owens, Op. No. 2006-UP-202 (S.C. Ct. App. filed April 14, 2006). The remittitur was issued on May 2, 2006.

Petitioner's application for post-conviction relief (PCR) was filed on May 25, 2006. (App. pp. 281 – 286.) An amended application was filed on August 3, 2007. (App. pp. 288 – 299.) A hearing was held before the Honorable J. Michael Baxley on August 8, 2007. (App. pp. 305 – 349.) The Petitioner was present and represented by Patrick L. Wright. The state was represented by Assistant Attorney General Lance Boozer. Testimony was received from the Petitioner and his trial counsel, Christopher Wilson. App.p. 306-341. During the hearing, claims of ineffective assistance of trial counsel were raised concerning whether the sentencing court lacked jurisdiction to sentence and whether counsel failed to object to the rehabilitation of witnesses in the charge to the jury.

The PCR court orally denied relief. App.p. 344-348. On October 4, 2007, Judge Baxley's written order was entered denying Petitioner's application. In its Order, the PCR court found, inter alia, that

trial counsel "did not see anything wrong with the jury charge…" and that counsel was not ineffective for failing to object to the jury charge because the charge, in its entirety, was adequate, thereby failing to meet the first prong of the Strickland test. The PCR court further found no prejudice to the Petitioner had been shown. (App. p. 352 - 353.).

The Petitioner made a timely appeal from the denial of state post-conviction relief. He was represented by Joseph L. Savitz of the South Carolina Office of Appellate Defense in the appeal. On June 20, 2008, he made a petition for writ of certiorari and raised the following issue:

> Trial counsel's representation of Owens was prejudicially deficient, since he failed to object exception when the judge charged the jury, with reference to a key witness, that "[a] past record should not affect the ability of the witness to testify," as this instruction constituted an impermissible comment on the facts of the case and improperly bolstered the credibility of that witness.

Petition for Writ of Certiorari, p. 2. The Respondent, through Assistant Attorney General Mary Williams, made a Return on October 8, 2008. On December 10, 2009, the South Carolina Court of Appeals entered its order that the petition for writ of certiorari was denied. Jerome A. Owens v. State of South Carolina, Order (S.C. Ct. App. Dec. 10, 2009) (order denying certiorari). The remittitur was issued on December 30, 2009.[2]

## II. GROUNDS FOR RELIEF

---

[2] On January 14, 2010, the South Carolina Supreme Court entered an order dismissing a second certiorari petition under the holding of Ellison v. State, 382 S.C. 189, 676 S.E.2d 671 (2009). Jerome A. Owens v. State, Order (S.C.S.Ct. January 14, 2010) (order dismissing certiorari).

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds for relief, quoted verbatim:

| | |
|---|---|
| Ground One: | I was sentenced by a judge without lawful authority over my case, and in a jurisdiction that was improper. |
| Supporting facts: | I was tried in Bamberg County General Sessions Court by jury and sentenced on two out of three charges. The judge left the circuit sine die. I was taken to Richland County and sentenced in a Common Pleas Court. |
| Ground Two: | The credibility of the witness(key witness) comment made in jury instruction that was an invited error of law. |
| Supporting facts. | The state called their only key witness to testify. Impeached there[sic] own witness during testimony and trial judge gave a curative instruction for this purpose without request from anyone and without objection by my defense counsel. And I raised ineffective assistance of counsel for this matter. |

(Petition).

### III.  SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court  assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together

with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## IV.  STANDARD OF REVIEW

Since Owens filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law.  See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review.").  Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." <u>Id</u>. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

### V. ARGUMENTS/ANALYSIS

In Ground One, Petitioner argues the trial court did not have jurisdiction over his case. Respondent argues the state courts are the final arbiters of state law and a state court's determination that one of its courts had jurisdiction overly purely state law criminal charge is not a matter cognizable in federal habeas corpus.

The issue raised is whether the state court judge could sentence Petitioner while physically in Richland County for a conviction that occurred in Bamberg County. The undersigned recommends that this issue be dismissed. As this issue pertains to the state court's jurisdiction, this issue should be dismissed because claims arising from state law are not cognizable. See <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991). Jurisdiction is a non-cognizable state law issue. See <u>Wright v. Angelone</u>, 151 F.3d 151, 156-158 (4th Cir.1998). Therefore, the undersigned recommends that this issue, Ground One, be dismissed.

In Ground Two, Petitioner argues counsel was ineffective for failing to object to the jury charge that "a past record should not affect the ability of that witness to testify" as a charge on the

facts of the case which improperly bolstered the testimony of the young woman. This issue was raised as ground three in the amended PCR application and raised in his petition for certiorari. Therefore, this issue has been exhausted. In his amended PCR application, Petitioner alleged that he was subject to ineffective assistance of counsel in that "counsel failed to object to the trial judge vouching for, and trying to rehabilitate prosecution witness testimony in charge to jury." (App. 288). At the PCR hearing, Petitioner testified that the state's main witness was a young lady that was with Petitioner the night of the incident who the State called to testify. Petitioner testified that the Solicitor impeached the witness on direct examination because she testified regarding her past criminal record. Petitioner testified that the trial judge gave a curative charge to the jury by stating that it should not hold the prior criminal history against the witness which Petitioner asserted was invited error. Petitioner testified that he believed the comment by the court "bolstered and vouched for the credibility of the State's witness. And the Judge in his discretion before the jury put his weight behind the testimony of this witness. And it was the opinion the testimony wasn't favorable tipping the balance against me, the petitioner, in favor of the witness." (App. 323). Petitioner referenced page 193 of the trial transcript.

> In the jury charge in relation to this issue, the court stated the following:
>
> Ladies and gentlemen, in the course of this trial you've heard testimony about a person, one of the witnesses, who has a past criminal record. I tell you that a person who has a past criminal record is competent to testify during a trial. A past record should not affect the ability of that witness to testify.
>
> A past record may only be considered by you, if at all, in determining the witness' believability.

(Tr. 193).

Respondent contends Petitioner fails to carry his burden of proof and is not entitled to relief where the PCR judge properly applied federal law to the facts well supported by the record.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland , supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28

(1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

In Lockhart v. Fretwell, 506 U.S. 364 (1993), the Supreme Court clarified its definition of prejudice quoted above, stating that "an analysis focusing solely on mere outcome determination . . . is defective." Instead, an appropriate analysis of prejudice should consider "whether the result of the proceeding was fundamentally unfair or unreliable." Therefore, a court analyzing the prejudice prong should not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." See Williams v. Taylor, Nos. 98-14, 98-16, 1998 WL 883336 (4th Cir. Va. Dec. 18, 1998) (quoting Lockhart, at 369-70).

The PCR judge concluded the following with regard to this ineffective assistance of counsel issue:

> The Applicant alleged that trial counsel was ineffective for failing to object to the jury charge. Applicant also alleges he did not consent to be sentenced on a date after the trial.
>
> Counsel testified he met with the Applicant on at least ten (10) occasions prior to the trial. Counsel indicated he discussed the facts of the case, the charges and any viable

> defenses with the Applicant. Counsel further indicated he did not see anything wrong with the jury charge. Counsel also testified he fully discussed the separate sentencing with the Applicant. Counsel testified that sentencing was delayed on the Trafficking conviction for the benefit of the Applicant. Counsel further stated the delayed sentencing did not prejudice the Applicant. Counsel testified and the trial record reflects the sentencing court had jurisdiction over his sentencing. Counsel indicated he properly cross-examined the State's witnesses.
>
> This Court finds that trial counsel's testimony was credible and the Applicant's testimony was not credible. This Court further finds that the Applicant failed to carry his burden to show that trial counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney in this regard. Strickland v. Washington; Cherry v. State. this Court also finds counsel was not ineffective for failing to object to the jury charge. South Carolina law dictates that jury instructions, when analyzed, must be considered in their entirety. See Todd v. State, 355 S.C. 396, 585 S.E.2d 305 (2003). This Court finds the jury charge to be adequate. This Court further finds that the delay in sentencing was an accommodation to the Applicant, This Court also finds that the record reflects that the sentencing court had jurisdiction to sentence the Applicant. This allegation of ineffective assistance of counsel is denied.
>
> However, even if Applicant had proven the first prong of the Strickland test that his counsel's representation was deficient, he must further prove the second prong and that is because of this deficiency there is reasonable probability that counsel's deficient conduct prejudiced the outcome of Applicant's trial. This Court finds that the Applicant has failed to prove the second element of Strickland requiring prejudice. Therefore, Applicant has failed to show prejudice. This allegation of ineffective assistance of counsel is denied.

(App. 352-353).

The record supports the PCR judge's finding that the Petitioner has not demonstrated that his attorney's performance was deficient by showing that his representation fell below an objective standard of reasonableness and, further, he has not shown that the attorney's performance actually prejudiced him. Rule 601, *et. seq*., of the South Carolina Rules of Evidence generally govern the competency of a witness to testify. Rule 609(a)(2) of the South Carolina Rules of Evidence provides that "evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment" and "[f]or the purpose of attacking the

credibility of a witness." Rule 609(a), South Carolina Rules of Evidence. Therefore, Petitioner fails to show how or why the jury charge at issue was not a correct statement of state law. Also, the appropriate standard for determining the adequacy of a contested jury instruction is whether, viewing the charge as a whole, there is reasonable likelihood that the jury applied the instruction in a way that violates the constitution. Boyde v. California, 494 U.S. 370 (1990). Vouching occurs when the prosecutor indicates a personal belief in the credibility or honesty of a witness; bolstering is an implication by the government that the testimony of a witness is corroborated by evidence known to the government but not known to the jury. U.S. v. Sullivan, 455 F.3d 248 (4th Cir. 2006). Petitioner has not shown how the trial judge vouched, much less bolstered, the testimony of the witness with regard to his charge. In this case, the court advised the jury that a person with a criminal record was competent to testify but "[a] past record may only be considered by you, if at all, in determining the witness' believability."  Petitioner fails to demonstrate how the PCR Court's determination with regard to this issue was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the record and, further, he has not shown that the attorney's performance actually prejudiced him. Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to Ground Two.

## VI. CONCLUSION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (docket entry #19) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus should be denied, and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 31, 2011
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**