UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerome A. Owens, | ) | C/A No. 4:10-1821-JFA-TER |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| | ) | |
| Fred B. Thompson, Warden, Lieber Correctional Institution, | ) ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Jerome A. Owens, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. He challenges his state court convictions for crack cocaine trafficking and possession and failure to stop for a blue light.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation suggesting that the respondent's motion for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on March 31, 2011, and he has timely

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

done so in an objection memorandum filed with the Clerk. The court will address the objections herein.

After carefully considering the Report and Recommendation and the petitioner's objections thereto, the court is of the opinion that the Magistrate Judge's recommended disposition is unquestionably correct and that the Report should be adopted in full.

STANDARD OF REVIEW

*Summary Judgment*

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255(1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the

Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g.*, *Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

## *The AEDPA and 28 U.S.C. § 2254*

Petitioner filed his petition in this court on July 15, 2010. Therefore, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to this case. *See* 28 U.S.C. § 2244(d)(1). It appears the petition is timely and that petitioner has exhausted his state remedies.

The standard of review to be applied "is quite deferential to the rulings of the state courts." Pursuant to the standards set forth in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication: (1) 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' 28 U.S.C. § 2254(d)(1); or (2) 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' § 2254(d)(2)." *Burch v. Corcoran*, 273 F.3d 577, 583 (4th Cir. 2001).

The Supreme Court has explained that a State court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. *Id.* Demonstrating that a state court's decision is unreasonable requires overcoming "a substantially higher threshold" than simply demonstrating error. *Schriro v. Landigran*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410). "When assessing the reasonableness of the state court's application of federal law, the federal courts are to review the result that the state court reached, not whether [its decision] [was] well reasoned." *Larry v. Branker*, 552 F.3d 356, 365 (4th Cir. 2009) (citing *Wilson v. Ozmint*, 352 F.3d 847, 855 (4th Cir. 2003)).

## DISCUSSION

The record in this case reflects that the petitioner was tried by a jury in Bamberg County, and after the jury returned a verdict of guilty on all counts, the petitioner was sentenced on the possession with intent to distribute cocaine and failure to stop for a blue light charges. Sentencing on the trafficking in cocaine charge could not be accomplished until the authorities determined whether petitioner's offense was a first, second, or third offense. Apparently because of this delay, the petitioner was sentenced by the Honorable

4

Reginald Lloyd, the judge who tried his criminal case, in a different county.

In the action presently before this court, the petitioner argues that the fact that his sentence was imposed in a different county renders his conviction and ultimate sentence invalid. As the Magistrate Judge points out, however, the question of when and where a defendant should be sentenced in state court is a matter involving issues of pure state law. Claims arising from state law are not cognizable in a federal habeas corpus action. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Moreover, state court jurisdiction is a non-cognizable state law issue. *Wright v. Angelone*, 151 F.3d 151, 156–158 (4th Cir. 1998).

In objecting to this portion of the Report and Recommendation, the petitioner merely discusses the difference between venue and jurisdiction and argues that a court that lacks subject matter jurisdiction over an action may not handle the case. While this may all be true, it ignores the central principle upon which the Magistrate Judge's recommended disposition hinges. That is, the petitioner is raising a matter of state law only. In other words, even if the petitioner is correct that his sentencing should have occurred in Bamberg County (and this court expresses no opinion whatsoever as to whether state law required this to occur), the violation, if one occurred, was a violation of state law, not a federal constitutional violation cognizable in this court.

Petitioner's second issue centers around the failure of his trial counsel to object to what he contends was improper jury instruction in which the trial judge vouched for and tried to rehabilitate a prosecution witness who had testified in the case. Careful review of the record regarding the developments at trial and the trial judge's jury instructions reveal that no error occurred.

During the petitioner's state criminal trial, one of the state's main witnesses was a female (who goes unnamed in the Report), who was with the petitioner on the night of the incident and who was called by the State to testify as a prosecution witness. Petitioner contends that after eliciting the damaging testimony, the solicitor then "impeached" the witness by bringing out her past criminal record. Then, in instructing the jury, the trial judge stated,

> Ladies and gentlemen, in the course of this trial you've heard testimony about a person, one of the witnesses, who has a past criminal record. I tell you that a person who has a past criminal record is competent to testify during a trial. A past record should not affect the ability of that witness to testify. A past record may only be considered by you, if at all, in determining the witness' believability.

To begin with, there was no error in the prosecution "impeaching" its own witness. It is a frequent practice of attorneys who call witnesses to the stand, knowing they have a criminal record, to go ahead and bring out the criminal record while on direct examination. This is done because the proponent of the witness knows that the criminal record will undoubtedly be brought out on cross-examination, and therefore the proponent of the witness will often go ahead an elicit the information on direct so as to "lessen the sting" of the potentially damaging information and not make it appear that the proponent of the witness was attempting to hide the witness's criminal record.

Regarding the jury instruction, contrary to the petitioner's assertions, the trial judge did not improperly attempt to "rehabilitate" the witness. Instead, the trial judge told the jury the same thing that this court has told jurors on many occasions: witnesses who have criminal records are not, by virtue of the criminal conviction alone, prohibited from testifying as witnesses. Rather, the criminal convictions may be brought out insofar as they might relate

6

to the credibility or believability of the witness who testified.

In short, there was no error in what the trial judge instructed the jury and, secondly, even if there was, the error would once again involve an issue of state law, not cognizable in this federal habeas corpus proceeding. In objecting to this portion of the Report and Recommendation, the petitioner argues that a party who impeaches a witness cannot request, and the court should not give, "a curative instruction in such a situation." This court disagrees. There was no error in the trial court's instruction and even if there were error, it was an error confined to state law. The objections are all overruled.

Accordingly, the Report and Recommendation is incorporated herein by reference; the respondents' motion for summary judgment (ECF No. 19) is granted; and this action is dismissed with prejudice.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

                                                */s/ Joseph F. Anderson, Jr.*
                                                Joseph F. Anderson, Jr.

June 8, 2011                                     United States District Judge
Columbia, South Carolina

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).